**NOT FOR PUBLICATION**

```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY


ERIC E. CRISS,                  :
                                      Civil Action No. 11-1215 (JAP)
         Petitioner,            :

         v.                     :   OPINION

STATE OF NEW JERSEY,            :

         Respondent.            :
```

**APPEARANCES:**

Petitioner pro se
Eric E. Criss
76921
40 Grove Street
P.O. Box 3000
Somerville, NJ 08876

**PISANO,** District Judge

This matter is before the Court on Petitioner Eric E. Criss's Petition for habeas corpus relief under 28 U.S.C. § 2254 and an Application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Based upon Petitioner's affidavit of indigency, the Court will grant the Application to proceed in forma pauperis. For reasons discussed below, the Petition for habeas corpus relief must be dismissed without prejudice for failure to exhaust state court remedies.

I.  BACKGROUND

According to the allegations contained in the Petition, Petitioner is currently incarcerated following a sentence which was entered on February 17, 2011.

On or about March 4, 2011, only approximately two weeks subsequent to his sentencing date, Petitioner submitted to this Court a Petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He asserts the grounds for relief regarding pre-trial bail issues, violation of right to a speedy trial, and unlawful arrest.

In his Petition, Petitioner states: "I was found guilty by a jury on 12/08/2010 and my attorney has not filed my appeal as of todays [sic] date, but I do plan on appealing my conviction and my sentence if relief is not granted and I was sentenced on January 17, 2011 to 20 yrs."

Petitioner has not yet attempted to exhaust his state court remedies before filing the instant Petition.

II.  ANALYSIS

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render

such process ineffective ... ."[1]  28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v.

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and more recently was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

3

Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  Id. at 277.

Further, Petitioner has neither asserted nor demonstrated an absence of available state process.  Before exhaustion will be excused on this basis, "state law must clearly foreclose state court review of unexhausted claims."  Toulson, 987 F.2d at 987.

4

There does not appear to be any reason why Petitioner might be prohibited from exhausting his claims in state court.

In the present case, the Petition shows, on its face, that Petitioner has failed to exhaust his state court remedies with respect to the challenged state court conviction and sentence. In fact, Petitioner has only recently been sentenced and has not made any attempt to appeal the conviction and sentence in state court. By his own admission, Petitioner did not attempt to exhaust his state court remedies before filing the instant Petition. Accordingly, the Petition must be dismissed for failure to exhaust.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 123 S.Ct. 1029, 1034 (Feb. 25, 2003). "When the district court denies a habeas petition on procedural grounds

without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## IV.   CONCLUSION

For the foregoing reasons, this Court finds that Petitioner has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust. The Court therefore will dismiss without prejudice his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

No certificate of appealability will issue, insofar as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

```
                                /s/ JOEL A. PISANO
                                Joel A. Pisano
                                United States District Judge
```

DATED: August 9, 2011